[No. 2223]

EDWIN CLAY AND EMMA CLAY (HIS WIFE), APPEL-
LANTS, *v.* SCHEELINE BANKING AND TRUST
COMPANY (A CORPORATION) AND C. P. FERREL,
SHERIFF OF WASHOE COUNTY, STATE OF NEVADA,
RESPONDENTS.

[159 Pac. 1081]

1. QUIETING TITLE—COMPLAINT—INTEREST OF DEFENDANT.

Neither under Rev. Laws, 5514, nor independently of it, does a complaint state a cause of action to quiet title, if not alleging that defendants claim an interest in the property adverse to plaintiffs.

2. APPEAL AND ERROR—OBJECTION NOT MADE BELOW—SUFFICIENCY OF COMPLAINT.

The complaint, though praying that title be quieted against defendant, not containing the necessary allegation of a complaint to quiet title, that defendants claim an interest in the property adverse to plaintiffs, but alleging that defendants were endeavoring to cloud and cast a cloud on said property, and the evidence being such as would be offered in an action to prevent a cloud being cast on plaintiffs' title, defendants were entitled to assume that the action was brought merely to prevent a cloud, as regards the contention that, because defendants did not urge in the trial court that the complaint did not state a cause of action to quiet title, they cannot do so on appeal, and that therefore the judgment should be reversed, and one quieting title in plaintiffs be ordered for want of denials in the answer.

3. APPEAL AND ERROR—OBJECTION IN LOWER COURT—ANSWER—EFFECT OF FAILURE TO OBJECT.

Plaintiffs, not having, till after judgment, questioned that the answer stated a defense to the matter pleaded in the complaint, cannot on appeal urge failure of defendants to demur to the complaint, as not stating a cause of action, and to deny certain of its allegations, as ground for reversing the judgment and ordering one for plaintiffs; as a demurrer to an answer which does not aid the complaint will be sustained to the defective complaint.

APPEAL from Second Judicial District Court, Washoe County; *R. C. Stoddard*, Judge.

Action by Edwin Clay and wife against the Scheeline Banking and Trust Company and another. From an adverse judgment, plaintiffs appeal. **Affirmed.**

*Summerfield & Richards*, for Appellant:

It is alleged in the complaint, and not denied in the answer, and it is admitted in the evidence by both the appellants and respondents, that the latter have no right, title, interest, claim, or demand in or to the real property described in the complaint, and that the appellants are the owners thereof, seized in fee simple absolute, in the possession and entitled to the immediate possession of said real property, and there is no issue in regard thereto, and that respondents are clouding said real property, as alleged in the complaint; and it nowhere appears in the evidence that respondents showed or offered to show a superior or any right, title, interest, claim, or demand in or to said real property, or any part thereof. Accordingly, this appeal is taken from the judgment and order denying the motion for a new trial, in which is included the indeterminate order denying the motion for judgment on the pleadings.

We submit that the judgment and orders appealed from should be reversed, with directions to the trial court to enter judgment pursuant to the complaint, without further trial. The law on the subject is well settled. (*Scorpion M. Co.* v. *Marsano*, 10 Nev. 370, which overrules *Blasdel* v. *Williams*, 9 Nev. 161; *Golden Fleece Co.* v. *Cable Con. Co.*, 12 Nev. 312; *Rose* v. *Richmond Co.*, 17 Nev. 52; *Union Co.* v. *Warren*, 82 Fed. 519; *Shattuck* v. *Carson*, 2 Cal. 588; *Alverson* v. *Jones*, 10 Cal. 11; *Curtis* v. *Sutter*, 15 Cal. 259; *Amter* v. *Conlan*, 22 Colo. 150; *Ely* v. *Railroad Co.*, 129 U. S. 260; *Rucker* v. *Kensington*, 47 N. H. 270.)

The complaint states a cause of action; not only in equity, independent of the statute, but also under the statute. The allegation pleaded shows affirmatively an adverse claim or assertion, apparently valid, which would require extrinsic evidence to remove; also, a cloud upon the land which equity will remove independent of statute. Every cloud necessarily must be adverse to the legal title. (Cloud on Title, 7 Cyc. 255–257; *Low* v. *Staples*, 2 Nev. 211; *Scorpion M. Co.* v. *Marsano, supra; Golden*

*Fleece Co.* v. *Cable Con. Co., supra; Rose* v. *Richmond Co., supra.*)

The point that the complaint does not state facts sufficient is raised for the first time in this court by respondents, after judgment on the merits in their favor, and after waving demurrer on that ground. In such case, if respondents are to be permitted to raise this objection for the first time in this court, the court will indulge every intendment in favor of the complaint. (*Omaha National Bank* v. *Kiper,* 60 Neb. 37; *Phenix* v. *Gardner,* 13 Minn. 433; *Smith* v. *Dennett,* 15 Minn. 86.)

Respondents should not be permitted to question the sufficiency of the complaint after a decision on the merits in their favor, and after withholding their objections to the complaint from the trial court, where the same might have been overcome, and there agreeing that the demurrer be submitted, after it had slumbered for months on the files, without argument. (3 C. P. 788; *Crane Co.* v. *Ætna Co.* 86 Pac. 849; *Henley* v. *Kings County,* 79 Pac. 624; *Watson* v. *Kent,* 76 Pac. 297; *Mosher* v. *Bruhn,* 46 Pac. 397.)

The admission by the pleadings, on account of there being no denial in the answer, that "notwithstanding the further fact that defendants have no right, title, interest, claim, or demand in or to the said real property, or any part thereof, and these plaintiffs are the owners thereof, seized in fee simple absolute, in the possession and entitled to the immediate possession of said real property," which said admission is reaffirmed in the evidence, is not an averment of a conclusion of law. (32 Cyc. 1377; *Daly* v. *Sorocco,* 80 Cal. 367; *Naddy* v. *Ditze,* 15 S. D. 26; *Chaffee-Miller Land Co.* v. *Barber,* 12 N. D. 478.)

*James T. Boyd,* for Respondents:

The complaint in the action sets out the fact that the plaintiffs are the owners of certain real property, upon which they filed a declaration of homestead; that the defendants levied upon the property and threatened to sell it under a writ of execution. The answer admitted

that the plaintiffs were the owners of the premises, but denied that they were residents at the time of the alleged claim of homestead, or were entitled to claim the said premises or its appurtenances as a homestead. The only issue in the case, as tried by the court, was as to whether the alleged declaration of homestead was valid. The lower court found against the appellants on all questions.

This is not an action, nor can it be termed an action, brought under section 5514, Revised Laws, for the reason that there is no averment or allegation that the defendants are claiming title adversely to the plaintiffs. It appears by the complaint that the defendants levied upon the property to satisfy an execution; and to maintain an action under section 5514, Revised Laws, it must be alleged and must appear that the defendants are claiming title to the land adversely to plaintiffs. Unless it does so appear, the complaint fails to state a cause of action. (*Union M. & M. Co.* v. *Warren*, 83 Fed. 519.)

In this case, defendants were seeking to sell the property under the execution; they must have affirmatively recognized that the plaintiffs were the owners of the property. Hence, the only question in this case now to be determined is the action of the court in holding that the property was not exempt from execution, and that the attempted declaration of homestead was void on account of the failure of the plaintiffs to make it their home.

Before a valid homestead can exist under section 2142 of the Revised Laws, it must appear that the person or persons claiming the same were actually residing upon the premises; that they intended to claim the same as a homestead, and that the declaration was filed for the purpose of preserving the home that they were residing in. Such homestead must be an actual residence, and must be in good faith. (Rev. Laws, 2142; *Boreham* v. *Byrne*, 83 Cal. 23; *Gregg* v. *Bostwick*, 33 Cal. 220; *Gambette* v. *Brock*, 41 Cal. 83; *Laughlin* v. *Wright*, 63 Cal. 113; *Tromans* v. *Mahlman*, 92 Cal. 1; *Babcock* v. *Gibbs*, 52 Cal. 629; *Aucker* v. *McCay*, 56 Cal. 524; *Dorn* v. *Howe*, 52 Cal. 631.)

An owner of a lot of land having two houses thereon, which are separated from each other by a fence, who exclusively resides in one of the houses, the other being occupied by a tenant, can acquire a homestead only on that part of the lot on which the house in which he resides is situated. (*Lubbock* v. *McMann,* 82 Cal. 226; *Tiernon* v. *Creditors,* 62 Cal. 286; *Laughlin* v. *Wright,* 62 Cal. 113; *Maloney* v. *Hefer,* 75 Cal. 422; *In re Allen,* 78 Cal. 293.)

By the Court, COLEMAN, J.:

This is an appeal from a judgment in favor of respondents, who were defendants in the district court, by Edwin Clay and Emma V. Clay, his wife, who were plaintiffs in the district court.

In their complaint it is alleged that the plaintiff Emma V. Clay was the owner of certain improved real estate; that the plaintiffs had been, and at the time of filing the suit were, residing upon the property; that the plaintiffs filed and had recorded in the proper office their homestead selection, designating the property in question as a homestead. It is also alleged in the complaint as follows:

"That, notwithstanding the fact hereinabove alleged that the ownership of said real property by said Emma Clay as aforesaid, and the declaration thereon by herself and said Edwin Clay of the homestead marked Exhibit A, hereby specially referred to and made a part hereof, the said defendants, Scheeline Banking and Trust Company, a corporation, and C. P. Ferrel, sheriff of Washoe County, State of Nevada, are endeavoring to cloud and cast a cloud upon said real property, in that they and each of them are causing to be sold said real property pursuant to a certain judgment dated the 16th day of March, 1915, wherein said defendant Scheeline Banking and Trust Company recovered a judgment against said plaintiffs, in that certain action entitled Scheeline Banking and Trust Company, a corporation, plaintiffs, against Edwin Clay and Emma Clay, for the sum of $2,004.83, and the interest thereon, pursuant to the terms of said

judgment, and notwithstanding the further fact that said defendants have no right, title, interest, claim, or demand in or to said real property or any part thereof, and the said plaintiffs are the owners thereof, seized in fee simple absolute, in the possession, and entitled to the immediate possession of said real property."

The prayer of the complaint is as follows:

"Wherefore plaintiffs pray that the title and ownership to said real property be forever quieted against said defendants and each of them, and that said plaintiffs be declared to be the owners of said real property and the whole thereof, and that said plaintiffs have judgment herein pursuant to law accordingly, and for costs of suit."

Omitting the introductory statements, the answer of the defendants reads:

"Denies that the plaintiffs were residing at the time of the alleged claim of homestead or at any other time on the described premises; denies that the plaintiff claimed the property and its appurtenances set forth in plaintiffs' complaint as a homestead, or that the plaintiffs, or either of them were entitled to claim said premises and appurtenances as a homestead, by reason of the declaration of homestead or otherwise, or at all; denies that at the time of the alleged declaration of homestead, or at any other time, the plaintiffs or either of them were actually or at all residing or living upon said described premises, or that they claimed, or intended to claim, or that they were entitled to claim, said premises and its appurtenances or any part thereof as a homestead, or that said premises was or could be claimed as a homestead; denies that said premises was ever used by the plaintiff as a homestead."

The case was tried before the court without a jury, and the court in its findings of fact found that:

"At the time the declaration of homestead was made and filed the plaintiffs were not residing thereon, and had not the intention to use, and did not actually use and occupy, the premises described in said declaration as a homestead as required by section 2142 of the Revised Laws of Nevada 1912."

Judgment was entered dismissing the action, and for costs in favor of respondents.

The application to this court to reverse the judgment of the trial court and to order that court to enter judgment on the pleadings in favor of appellants is based upon the idea as set forth in the following language quoted from the brief of counsel for appellants:

"It is admitted in the pleadings, since it is not denied in the answer, that respondents have no right, title, interest, claim, or demand in or to the real property described in the complaint, and that appellants are the owners thereof, seized in fee simple absolute, in the possession and entitled to the immediate possession of said real property, and the respondents are clouding said real property as alleged in the complaint."

In other words, as we understand the contention of counsel for appellants, we are asked to make the order mentioned, for the reason that the answer of defendants failed to deny that they had no right, title, interest, claim, or demand in the property in question.

In view of the fact, as appears from the complaint of appellants, that respondents are seeking to satisfy a judgment in favor of one of the respondents and against the appellants, it would indeed be a rather remarkable situation if respondents were aiming to sell property which belonged to respondents, or either of them, instead of property of appellants. We cannot imagine whose property respondents would sell if not the property of appellants. Surely they would not sell the property rights of respondents. However, if respondents, or either of them, had or claimed an interest in the property (not adverse to appellants), we know of no reason why they might not sell such interest in the property as appellants might have, whether it be an undivided one-half or an equity. As we read the complaint, respondents are seeking to sell whatever interest appellants have in the property, and we know of no way to stop them, so long as the judgment stands upon which the execution was issued.

**1.** Plaintiff's complaint cannot be construed as one to quiet title, either under our statute or independent of statute. Section 5514, Revised Laws of Nevada, relative to actions to quiet title, reads:

"An action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim."

Mr. Pomeroy, in his work on Code Remedies (3d ed.), at section 363, says:

"The nature of the action to quiet title is such that it is impossible to lay down any but the most general rule in relation to its parties defendant. The very object of the proceeding assumes that there are other claimants adverse to the plaintiff, setting up titles and interests in the land or other subject-matter hostile to his. Of course, all these adverse claimants are proper parties defendant, and if the decree is to accomplish its full effect of putting all litigation to rest, they are necessary defendants. Originally, and independent of statute, this particular jurisdiction of equity was only invoked when either many persons asserted titles adverse to that of the plaintiff, or when one person repeatedly asserted his single title by a succession of legal actions, all of which had failed, and in either case the object of the suit was to settle the whole controversy in one proceeding. The action has, however, been greatly extended by statute, especially in the Western States, and is there an ordinary means of trying a disputed title between two opposite claimants."

The court, in *Low* v. *Staples*, 2 Nev. on page 213, in speaking of the effect of the statutory action to quiet title, as the statute existed at that time, said:

" * * * The old equity jurisprudence of the court is extended, but further than this we do not think it affected."

Thus it will be seen that there is practically no difference in the nature of the action under our statute and as it exists independent of statute, and hence we should

have very little trouble in determining if the complaint is good. Whether we look to our statute or the nature of the action as it exists independent of statute to ascertain the essentials of a complaint in an action to quiet title, we find that one of the essentials of a good complaint in such an action is that it must show that the defendants claim an interest in the property adverse to the plaintiffs.

2. There is no such allegation in the complaint in this case, or anything approaching it; hence the complaint does not state a cause of action to quiet title. But it is said that, as respondents did not urge this point in the lower court, it cannot be urged here. In view of the record in this case, as made in the lower court, we do not deem it necessary to decide this question, though we might call attention to the fact that section 5045 of the Revised Laws provides what shall and what shall not be waived by failure to demur.

As we read the record in this case, the complaint was drawn and the case tried upon the theory that to permit a sale under the judgment pleaded in the complaint would cast a cloud upon plaintiffs' title, and that, in view of the claim that the property was exempt as a homestead, a court of equity should not permit such a cloud to be cast thereupon, and to prevent it the action was commenced. We are of this opinion for the reason that the complaint does not contain the necessary allegation to constitute it an action to quiet title, but, on the other hand, as appears from that portion of the complaint heretofore stated, it alleges that respondents were "endeavoring to cloud and cast a cloud upon said real property," and the evidence offered was not such evidence as would be offered in an ordinary action to quiet title, but such as would be offered in an action to prevent a cloud being cast upon the title of plaintiffs.

We think that, in view of the nature of the complaint, counsel for respondents had a right to assume that the action was brought, not to quiet title, but to prevent a cloud being cast upon the title of plaintiffs, and therefore

was justified in not urging in the trial court that the complaint did not state a cause of action.

**3.** But, to go a step further, it seems to us that appellants are in a rather peculiar position, in that they did not demur to the sufficiency of the answer of respondents in the court below, or in any way question that it stated a defense to the matter pleaded in the complaint, until after judgment, but now assert that, notwithstanding this fact, they can take advantage of respondents' failure to demur to the complaint on the ground that it does not state a cause of action.

It is the general rule applicable to pleading that a demurrer runs through the whole series of pleadings, and will be sustained to the first defective pleading. (31 Cyc. 338.) Of course, if the answer so aids the complaint as to make out a cause of action against a defendant, the rule would not apply; but such is not the fact in this instance. So it seems that in any event appellants' contention that this court should reverse the judgment and order that judgment be entered in favor of appellants cannot be sustained.

The only reason offered by plaintiffs, either in their complaint or in their evidence, why the property should not be sold, is the claim asserted by them that it is exempt as a homestead. The trial court held that this claim was not well founded, and this finding is not assailed in this court.

It is ordered that the judgment be affirmed.

NORCROSS, C. J.: I concur.

McCARRAN, J. (concurring in the order):

I concur in the order. It would appear from the record in this case that the action had been commenced with a view to establishing a homestead exemption in favor of appellants herein, which exemption, if established, would relieve the property from sale under execution. The matter of the right of appellants to claim a homestead exemption, whether correctly or erroneously decided by the court below, is not involved in the appeal. Counsel

for appellants, in his oral argument, in response to a question propounded by the court, so asserted. The question involved was one, as we view it, intended to prohibit the respondents from selling the property in question under execution issuing pursuant to a judgment obtained.

Assuming, for argument's sake, that the question was one to quiet title, if the homestead phase of the controversy were abandoned, as we take it to have been, the court might well have granted all of the prayer of appellants' complaint, in fact might have rendered judgment on the pleadings, and hence declared that respondents had no right, title, or interest in or to the real property described in the complaint, and that appellants were the owners thereof, seized in fee simple absolute, and that they were entitled to immediate possession of the premises; and, even if judgment had been rendered in such a form, it would avail nothing in behalf of appellants in the way of preventing the levy of an execution, or the sale of the premises under the execution issued pursuant to the judgment, previously rendered in another case, wherein the appellants here were defendants, and the respondent the Scheeline Banking and Trust Company became a judgment creditor.

If the appeal in this case involved an order of the trial court in its finding and conclusion as to the homestead exemption, I am not ready to say that the findings of the trial court in that respect or a judgment based on such findings could have been affirmed. Definitely as to this, however, I express no opinion. We are referred to no law, and we know of none, in the light of which a suit to quiet title will serve the purpose of an action to prohibit a sale under execution issued pursuant to judgment.

We take it from the position of counsel for appellants, expressed in his oral argument, that they concede that the property in question is not subject to a claim of homestead exemption in behalf of appellants. This being conceded, the property must therefore be such as is subject to sale under the execution, if it be property the title to which is rightfully in the name of the judgment debtor

against whom execution has issued. A decree, even though it had been rendered on the pleadings in this case, could at most but have confirmed title in appellants, the judgment debtors. Would such a decree or judgment deprive the judgment creditor of the right to sell the property under execution, where the former judgment had been duly rendered against the party to whom, in these proceedings, title in fee had been decreed? We are at a loss to find a rule that will support an answer in the affirmative.